UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KEVIN O'GEA | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4744 |
| HOME DEPOT USA, INC. | MAG. JUDGE WILKINSON |

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Defendant's Partial Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, Record Doc. No. 5

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d at 205 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 1965 (2007)) (footnote omitted).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005). "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648, 654 (5th Cir. 2004) (quotation omitted).

The motion is denied to the extent it seeks dismissal of plaintiff's state law claims for conversion, abuse of process and "malicious actions." Record Doc. No. 1, Complaint at ¶ 28. Plaintiff has explained in his opposition memorandum some additional facts that he contends support his causes of action for conversion, abuse of process and malicious prosecution. With that explanation, the facts he cites would be sufficient to state a claim to relief that is plausible on its face.

However, the complaint contains neither the additional facts nor any allegation of how defendant's actions fall within the elements of state law claims for conversion, abuse of process and malicious prosecution. The complaint therefore fails to contain a short and plain statement of these three claims showing that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Accordingly, the motion is granted to the extent that it seeks a more definite statement. Plaintiff must amend his complaint to assert more definitely the grounds for his claims of conversion, abuse of process and malicious prosecution no later than **February 6, 2009**.

**IT IS FURTHER ORDERED** that the parties must make their initial disclosures no later than **February 20, 2009**. Fed. R. Civ. P. 26(a)(1).

New Orleans, Louisiana, this   21st   day of January, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE