UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN O'GEA | CIVIL ACTION |
| VERSUS | NO. 08-4744 |
| HOME DEPOT USA, INC. | MAG. JUDGE WILKINSON |

## ORDER AND REASONS ON MOTION

Plaintiff, Kevin O'Gea, sued his former employer, Home Depot U.S.A., Inc., asserting federal claims of age discrimination and violation of the Family and Medical Leave Act, and pendent state law claims of age discrimination, conversion, abuse of process and "malicious actions." Record Doc. No. 12, Amended Complaint. This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. Record Doc. No. 9.

Home Depot filed a Motion for Partial Summary Judgment, arguing that plaintiff's claims of conversion, abuse of process and "malicious actions" or malicious prosecution had prescribed before he filed the instant lawsuit. Record Doc. No. 15. O'Gea has not identified, and my research has not located, any statute or case law that establishes a

cause of action under Louisiana law for "malicious actions." Accordingly, I will refer to this claim, as both parties do in their memoranda, as one for malicious prosecution.

O'Gea filed a timely opposition memorandum. He does not contest defendant's argument concerning prescription of his conversion claim. However, he asserts that the facts underlying that claim satisfy the elements of an unjust enrichment claim and that he may seek leave of court to amend his complaint to assert an unjust enrichment claim.[1] He also argues that defendant's acts that constituted abuse of process and malicious prosecution were continuing torts, so that prescription did not run on these claims. Record Doc. No. 17.

Home Depot received leave to file a reply memorandum. Record Doc. Nos. 20, 21, 22.

Having considered the complaint, as amended, the record, the submissions of the parties and the applicable law, and for the following reasons, **IT IS ORDERED** that defendant's motion for partial summary judgment is **GRANTED**.

---

[1] Plaintiff recently filed a motion to amend his complaint to assert an unjust enrichment claim. Record Doc. No. 18. The motion is set for hearing on March 18, 2009. Defendant has indicated in its reply memorandum concerning the pending summary judgment motion that it will oppose any attempt by O'Gea to amend the complaint in this regard. Record Doc. No. 22, at pp. 2-3.

I. THE UNCONTESTED MATERIAL FACTS

Neither party has submitted any summary judgment evidence. The following material facts, which are undisputed solely for purposes of the pending motion, are set forth in plaintiff's amended complaint. Record Doc. No. 12.

O'Gea was employed by Home Depot from May 4, 1991 through May 2, 2007, when his employment was terminated for the stated reason of unauthorized merchandise markdown approval in 2005. At the time of his firing, he was on a medical leave of absence from an unspecified date until a scheduled return to work date of May 17, 2007.

Plaintiff's conversion claim is based on Home Depot's decision to withhold from O'Gea a bonus check for approximately $90,000 dated March 30, 2007, which he had earned for his previous year's work. After O'Gea's attorney wrote a demand letter to Home Depot on April 9, 2007, Home Depot released the check to O'Gea on May 4, 2007. Plaintiff alleges that defendant's wrongful withholding of the check and its earning of interest on the amount of the check during that period constitute conversion.

Plaintiff's claims of abuse of process and malicious prosecution are based on Home Depot's denial of unemployment benefits to him when it fired him. He appealed the denial of benefits. He and an attorney for Home Depot attended a hearing before an Administrative Law Judge ("ALJ") concerning his appeal on August 22, 2007. O'Gea

alleges that Home Depot did not present any evidence at the hearing. The ALJ ruled in favor of O'Gea and granted him unemployment benefits.

Plaintiff filed the instant action on October 27, 2008.

II. ANALYSIS

A. Summary Judgment Standards

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented. National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. Id. (citing Celotex, 477 U.S. at 321-23). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452 F.3d at 430.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" National Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or

tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original).

B. Louisiana Law of Prescription

Home Depot argues that plaintiff's state law claims for conversion, abuse of process and malicious prosecution prescribed before he filed this lawsuit. Under Louisiana law, each of these claims is a delictual (tort) action subject to a one-year prescriptive (limitations) period. Prescription begins to run from the day that the injury or damage was sustained. La. Civ. Code art. 3492; Gallant Invs., Ltd. v. Illinois Cent. R.R. Co., No. 2008-1404, 2009 WL 365205, at *3, *4 (La. App. 1st Cir. Feb. 13, 2009) (conversion); Matthews v. Bossier City, 963 So. 2d 516, 520 (La. App. 2d Cir. 2007) (malicious prosecution); Thibaut v. Thibaut, 607 So. 2d 587, 597 (La. App. 1st Cir. 1992) (abuse of process).

"Prescription that has already run cannot be suspended or interrupted." Dominion Expl. & Prod., Inc. v. Waters, 972 So. 2d 350, 362 (La. App. 4th Cir. 2007) (citing Geiger v. State ex rel Dept. of Health & Hospitals, 815 So. 2d 80 (La. 2002)).

Under Louisiana law, when a defendant "shows that the petition is prescribed on its face, the plaintiff bears the burden of proving [that] the prescriptive period has been suspended, interrupted or renounced." Wilhike v. Polk, 999 So. 2d 83, 2008 WL

6

4952780, at *2 (La. App. 4th Cir. Nov. 19, 2008) (citing Lima v. Schmidt, 595 So. 2d 624 (La. 1992)) (additional citation omitted).

### C. Plaintiff's Conversion Claim Has Prescribed

Plaintiff's conversion claim has prescribed on its face. It is undisputed that he knew of Home Depot's refusal to give him his bonus check no later than April 9, 2007, when his attorney wrote a demand letter to Home Depot. He had one year from that date within which to file a lawsuit for conversion, but he did not file this action until October 27, 2008, more than six months after prescription had run. Accordingly, Home Depot is entitled to summary judgment in its favor on this claim as a matter of law.

O'Gea asserts in his opposition memorandum that Home Depot's withholding of his bonus check also fulfills the elements of an unjust enrichment claim, which he contends has a 10-year prescriptive period. He states that he has asked Home Depot's counsel whether defendant would oppose his filing of a second amended complaint to assert an unjust enrichment claim. I express no opinion whether a motion to amend the complaint to state such a claim would be granted. At present, it suffices to say that no unjust enrichment claim is currently asserted in this action, and any argument about the propriety of such a claim will be addressed in connection with the pending motion to amend.

D.  The Abuse of Process and Malicious Prosecution Claims Have Prescribed

Plaintiff's claims for abuse of process and malicious prosecution arise out of Home Depot's denial of unemployment benefits to him, which he appealed. On August 22, 2007, an unemployment compensation hearing was held before an ALJ, who rendered a decision in plaintiff's favor. Home Depot argues that plaintiff's claims for abuse of process and malicious prosecution prescribed when he failed to file the instant lawsuit within one year after that hearing date. Plaintiff does not contest that August 22, 2007 is the relevant date.

O'Gea's memorandum in opposition to defendant's motion for partial summary judgment cites the ALJ's written decision as Plaintiff's Exhibit 2. However, no exhibits are attached to plaintiff's memorandum. The ALJ's decision was attached as Exhibit 2 to plaintiff's previously filed memorandum in opposition to defendant's previously filed motion to dismiss. Record Doc. No. 7-3. Because that exhibit was not sworn or certified, it is not competent summary judgment evidence, Fed. R. Civ. P. 56(e), and I have not considered it in connection with the instant motion.[2]

---

[2]Even if the ALJ's written decision were considered, my ruling on defendant's partial summary judgment motion would not change. The only relevance of the ALJ's written decision is its date of August 31, 2007. Arguably, the date of the decision would extend the beginning of the prescriptive period until August 31, 2007, nine days after the hearing date. But, even if the prescriptive period expired on August 31, 2008, one year after the date of the decision, rather than on August 22, 2008, one year after the hearing date, plaintiff's claims would still be prescribed on their face.

Plaintiff's abuse of process and malicious prosecution claims are prescribed on their face because they were filed more than one year after the hearing before the ALJ. O'Gea, who bears the burden of proving that prescription has been "suspended, interrupted or renounced," Wilhike, 2008 WL 4952780, at *2, argues that the prescriptive period was "extended" because Home Depot's acts were continuing torts.

The continuing tort doctrine is an exception to the commencement of prescription. This "exception only applies when continuous conduct causes continuing damages. Where the cause of the injury is a continuous one giving rise to successive damages, prescription does not begin to run until the conduct causing the damage is abated." Risin v. D.N.C. Invs., L.L.C., 921 So. 2d 133, 136 (La. App. 4th Cir. 2005) (citing Bustamento v. Tucker, 607 So. 2d 532, 542 (La. 1992); South Cent. Bell Tel. Co. v. Texaco Inc., 418 So. 2d 531, 533 (La. 1982)); accord Randall v. Concordia Nursing Home, 965 So. 2d 559, 569 (La. App. 3d Cir. 2007), writ denied, 973 So. 2d 726 (La. 2008). Louisiana courts have consistently "note[d] that the scope of application of continuing tort is limited. Both conduct and damage must be continuous." Risin, 921 So. 2d at 138; accord Landreneau v. Fruge, 598 So. 2d 658, 661 (La. App. 3d Cir. 1992).

O'Gea argues that Home Depot's abuse of process and malicious prosecution were continuous torts, so that prescription on these claims did not begin to run after the administrative hearing on August 22, 2007. He contends that Home Depot abused the

9

legal process and committed malicious prosecution when it denied him benefits, "required [him] to file a claim, attend a hearing, and defend himself at the hearing[, at which] Home Depot failed to produce any evidence," and that these actions by Home Depot were "a method of harassing and depriving [him] of what he was rightly owed" without any justifiable reason. Record Doc. No. 17, plaintiffs' memorandum, at p. 5. O'Gea asserts that defendant's failures to introduce evidence at the hearing and to file an appeal from the ALJ's decision (because, he says, Home Depot had no evidence to support its position) demonstrate its malice. He argues that "[t]he malicious actions were included in the decision to terminate [him] which makes these actions continuing and part of the discrimination case." Id. at p. 6. He alleges that Home Depot has "forced [him] to continue in his efforts to recoup the benefits which were wrongly taken from him as a result of his discharge" by forcing him to litigate this action, despite defendant's "fail[ure] to produce any evidence to the contrary." Id. at pp. 5-6. He contends that the facts underlying his abuse of process and malicious prosecution claims were part of "continuing tort[i]ous action [by Home Depot] which would extend prescription." Id. at p. 6.

O'Gea cites no law to support his argument and fails to explain how his malicious prosecution and/or abuse of process claims can be continuing torts. He alleges vaguely that the acts underlying these two claims were a continuing part of the discrimination that

10

he experienced when he was terminated by Home Depot. This argument fails to save plaintiff's claims from the running of prescription, for the following reasons.

It is well established under both federal and Louisiana law (which often mirrors federal employment discrimination law) that a termination of employment is a discrete act, which ends any prior continuing tortious conduct and which cannot be the basis for a continuing tort after the termination. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (Title VII); Vidal v. Chertoff, 293 Fed. Appx. 325, 2008 WL 4280320, at *3 (5th Cir. 2008) (Title VII); Baker v. FedEx Ground Package Sys. Inc., 278 Fed. Appx. 322, 2008 WL 2037268, at *3 (5th Cir. 2008) (Louisiana law); Delcambre v. Whittington, 72 Fed. Appx. 39, 2003 WL 21554877, at *1 (E.D. La. 2003) (Barbier, J.) (Louisiana law) (citing Bustamento, 607 So. 2d at 537); Nelson v. University of Tex., 491 F. Supp. 2d 672, 680 (N.D. Tex. 2007) (Family Medical Leave Act ), rev'd on other grounds, 535 F.3d 318 (5th Cir. 2008).

Although O'Gea may have suffered ongoing "ill effects" from being fired, "the statute of limitations is triggered not by the cessation of ill effects, but by the cessation of the unlawful act(s). 'A continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act.'" Muhammad v. Louisiana, No. 99-3742, 2000 WL 1511181, at *9 (E.D. La. Oct. 6, 2000) (Barbier, J.) (quoting Crump v. Sabine River Auth., 737 So. 2d 720, 728 (La. 1999)); see also In re Moses, 788

So. 2d 1173, 1183 (La. 2001) ("When a defendant's damage-causing act is completed, the existence of continuing damages to a plaintiff, even progressively worsening damages, does not present successive causes of action accruing because of a continuing tort."). Thus, Home Depot's firing of O'Gea on May 2, 2007, which was a discrete, final, noncontinuous act, cannot serve as the basis for claims of continuing tortious conduct after that date.

Similarly, a malicious prosecution cause of action, to the extent that it consisted of continuous conduct before it accrued, ceases to be continuing at the moment it accrues. "[A] cause of action for wrongful or malicious prosecution does not arise until the termination of the prosecution." Matthews, 963 So. 2d at 520 (citing Walls v. State, 670 So.2d 382 (La. App. 3d Cir. 1996)). The cause of action accrues when "an original criminal or civil judicial proceeding," which was "commence[d] or continu[ed]" by the present defendant, has proceeded to a "bona fide termination in favor of the present plaintiff." Id. at 520 n.6 (citing Jones v. Soileau, 448 So. 2d 1268 (La. 1984); Hope v. City of Shreveport, 862 So. 2d 1139 (La. App. 2d Cir. 2003)). Thus, O'Gea's cause of action for malicious prosecution accrued, and Home Depot's malicious conduct necessarily ended, when the unemployment compensation process terminated after the hearing before the ALJ. This claim cannot be a continuing tort.

Finally, the alleged abuse of process, even if it consisted of continuous conduct until the administrative hearing on August 22, 2007, also ended on that date. "'The principle of a continuing tort only applies when <u>continuous conduct</u> causes continuing damages.'" <u>Landreneau</u>, 598 So. 2d at 661 (quoting <u>Laughlin v. Breaux</u>, 515 So. 2d 480, 482 (La. App. 1st Cir. 1987) (citing <u>South Cent. Bell Tel. Co.</u>, 418 So. 2d at 531)). In the instant case, no abuse of the unemployment compensation process occurred after the hearing date. Because Home Depot decided not to appeal, there was no continuous conduct by defendant and O'Gea suffered no continuing damages.

Plaintiff cites no law for the proposition that his filing of the instant lawsuit, which he characterizes as Home Depot's "forcing" him to litigate to recoup benefits that were wrongly taken from him as a result of his discharge, constitutes a continuation of Home Depot's alleged malicious prosecution or abuse of process. The Louisiana Supreme Court has explained why this proposition cannot be correct, as follows.

> [T]o be a continuing tort[,] there must be a continuing duty owed to the plaintiff and continuing breach of that duty by the defendant. . . . However, the breach of the duty to right a wrong and make the plaintiff whole simply cannot be a continuing wrong which suspends the running of prescription, as that is the purpose of any lawsuit and the obligation of every tortfeasor. Thus, plaintiff's argument that the defendant's persistent refusal to [remedy its allegedly wrongful conduct] constitutes continuous tortious conduct is insupportable.

<u>Crump</u>, 737 So. 2d at 728-29 (citations omitted).

Here, Home Depot had no continuing duty to O'Gea after it terminated his employment. If his employer unlawfully discriminated against him and refused to remedy the discrimination amicably, O'Gea may file a lawsuit to seek a court-ordered remedy, as he has done. But Home Depot's refusal to acknowledge the merits of his discrimination claim and its defense of his lawsuit cannot be considered continuing tortious conduct.

Just last year, the Louisiana Supreme Court held specifically that a defendant's continuing allegations that the plaintiff's own acts had justified the defendant's conduct towards the plaintiff, as a means of explaining the defendant's allegedly wrongful actions, and the defendant's repeated denial of liability in the context of a lawsuit cannot amount to a continuous tort.

> It is axiomatic that [defendant] is allowed to explain its reason for seeking to terminate the contract without having its assertions construed as a continuous violation of [the Louisiana Unfair Trade Practices Act]. To hold otherwise would be to require a defendant to choose between admitting liability on the one hand, and extending prescription by pursuing his defense on the other.

Miller v. ConAgra, Inc., 991 So. 2d 445, 456 (La. 2008). Thus, neither O'Gea's lawsuit, which is a means of seeking a remedy for defendant's allegedly wrongful past actions, nor Home Depot's defenses to plaintiff's claims can constitute a continuous tort with any of his other claims.

O'Gea's malicious prosecution and abuse of process claims are not continuous torts, and both had already prescribed when he filed this lawsuit. Accordingly, Home Depot is entitled to summary judgment in its favor on these claims as a matter of law.

CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's Motion for Partial Summary Judgment, Record Doc. No. 15, is GRANTED and that plaintiff's state law claims of conversion, abuse of process and malicious prosecution are DISMISSED WITH PREJUDICE.

At this time, pending determination of plaintiff's motion to amend, plaintiff's claims remaining for trial are his federal and state law claims of age discrimination and his claim for violation of the Family and Medical Leave Act.

New Orleans, Louisiana, this __4th__ day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE