UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KEVIN O'GEA | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4744 |
| HOME DEPOT USA, INC. | MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Plaintiff, Kevin O'Gea, filed a Motion for Leave of Court to File Second Amended Complaint to add a state law claim of unjust enrichment. Record Doc. No. 18. Defendant, Home Depot USA, Inc., filed a timely memorandum in opposition. Record Doc. No. 25. O'Gea received leave to file a reply memorandum. Record Doc. Nos. 26, 27, 28. Having considered the complaint, as amended, the record, the arguments of the parties and the applicable law, and for the following reasons, the motion is DENIED.

O'Gea filed this motion to amend while defendant's motion for partial summary judgment on plaintiff's state law claim of conversion was pending. The conversion claim was based on the following factual allegations. Home Depot decided to withhold from O'Gea a bonus check for approximately $90,000 dated March 30, 2007, which plaintiff had earned for his previous year's work. After O'Gea's attorney wrote a demand letter to Home Depot, defendant released the check to O'Gea on May 4, 2007. Plaintiff asserted in his original and first amended complaints that defendant's wrongful

withholding of the bonus and earning of interest on the amount of the bonus between March 30 and May 4, 2007 constituted conversion.

Home Depot argued in its previously filed motion for partial summary judgment that plaintiff's conversion claim was barred by the applicable one-year prescriptive period. O'Gea did not oppose that argument. I granted defendant's motion and dismissed plaintiff's conversion claim. Record Doc. No. 24. O'Gea now seeks to bring a claim for unjust enrichment, which has a ten-year prescriptive period, based on the identical facts as his previously pled conversion claim.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (quotations omitted) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Without discussing the other factors, O'Gea and Home Depot focus on whether the proposed amendment is futile. "It is within the district court's discretion to deny a motion to amend if it is futile." Stripling, 234 F.3d at 872-73 (citation omitted). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. at 873 (quotations and citations omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, ___, 127 S. Ct. 1955, 1974, 1965 (2007)) (footnote omitted).

Home Depot argues that the amendment is futile because O'Gea cannot satisfy the fifth element of an unjust enrichment claim under Louisiana law. The required elements of such a claim are (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) an absence of justification or cause for the

3

enrichment and impoverishment, and (5) no other available remedy at law. Conerly Corp. v. Regions Bank, No. 08-813, 2008 WL 4975080 (E.D. La. Nov. 20, 2008) (Vance, J.) (citing Baker v. Maclay Props. Co., 648 So. 2d 888, 897 (La. 1995)); Garber v. Badon & Ranier, 981 So. 2d 92, 99-100 (La. App. 3d Cir.), writ denied, 992 So. 2d 943 (La. 2008) (citing La. Civ. Code art. 2298; Baker, 648 So. 2d at 897).

Home Depot contends that O'Gea asserted a conversion claim based on the same facts and that the existence of that remedy at law precludes his unjust enrichment claim, even though his conversion claim had prescribed by the time he filed this lawsuit. O'Gea responds that he can plead two causes of action in the alternative based on the same facts and that his claim more accurately sounds in quasi-contract or unjust enrichment, rather than in tort, so that he has no other available remedy at law.

Home Depot's argument that plaintiff's unjust enrichment claim is precluded by his prior pleading of a plausible conversion claim is well supported by the case law. As Louisiana's Third Circuit Court of Appeal explained, under the fifth element of the unjust enrichment cause of action,

> it is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied. "[U]njust enrichment principles are only applicable to fill a gap in the law where no express remedy is provided." "An action for unjust enrichment is allowed only when the plaintiff has no other remedy at law. . . . [When] there is a rule of law directed to the issue, an action must not be allowed to defeat the purpose of said rule." Further,

4

> [the Louisiana Supreme Court] held that the existence of a claim on an express or implied contract precludes application of the unjust enrichment theory, because the <u>potential</u> claim constitutes a practical remedy at law available to the impoverishee.

<u>Garber</u>, 981 So. 2d at 100 (quoting <u>Louisiana Nat'l Bank v. Belello</u>, 577 So. 2d 1099, 1102 (La. App. 1st Cir. 1991); <u>Carriere v. Bank of La.</u>, 702 So.2d 648, 657 (La. 1996)) (citing <u>Morphy, Makofsky & Masson, Inc. v. Canal Place 2000</u>, 538 So. 2d 569 (La. 1989)); <u>see also</u> <u>Gallant Invs., Ltd. v. Illinois Cent. R.R.</u>, No. 2008 CA 1404, 2009 WL 365205, at *4 (La. App. 1st Cir. Feb. 13, 2009) (citing <u>Mouton v. State</u>, 525 So. 2d 1136, 1142 (La. App. 1st Cir. 1988) ("[A]ny equitable action for unjust enrichment is precluded by the availability of the unambiguously-pleaded delictual action . . . . Because Gallant has a delictual cause of action [for conversion], it is precluded from having an equitable remedy for unjust enrichment.").

The Third Circuit in <u>Garber</u> rejected plaintiff's argument that, because his other claims in the lawsuit had been dismissed, his <u>only</u> remedy was a claim for unjust enrichment. The appellate court affirmed the dismissal of Garber's unjust enrichment claim for failure to satisfy the fifth element of the cause of action.

Judge Vance of this court recently reached the same conclusion when plaintiffs in the case before her argued that they were entitled to maintain an unjust enrichment claim in the alternative to their other claims, some of which had been dismissed.

5

> Plaintiffs have other and more obvious remedies at law that preclude their claim for unjust enrichment. Plaintiffs have alleged several other theories of recovery against defendants in this lawsuit, and plaintiffs may bring a suit for breach of contract against [nonparty] Beechgrove, the party with which plaintiffs undisputedly entered into a contract for the services performed.
> Plaintiffs assert that they have pled their claims against defendants in the alternative, so dismissal on the grounds that they have another remedy at law is improper. The merit of plaintiffs' other claims is irrelevant. "It is not the success or failure of other causes of action, but rather the existence of other causes of action, that determine whether unjust enrichment can be applied." That plaintiffs have pled their claims against [defendant] AmSouth/Regions in the alternative also does not change that plaintiffs have a cause of action for breach of contract against [nonparty] Beechgrove. Unjust enrichment is a remedy of last resort under Louisiana law and "is only applicable to fill a gap in the law where no express remedy is provided." Plaintiffs have several other remedies at law for their alleged "unjust impoverishment," both against defendants and against Beechgrove. Plaintiffs therefore fail to state a claim for unjust enrichment.

Conerly Corp. v. Regions Bank, No. 08-813, 2008 WL 4975080, at *9 (E.D. La. Nov. 20, 2008) (Vance, J.) (quoting Garber, 981 So. 2d at 100; Board of Supervisors v. Louisiana Agric. Fin. Auth., 984 So. 2d 72, 81 (La. App. 1st Cir. 2008)) (citing Fagot v. Parsons, 958 So. 2d 750, 753 (La. App. 4th Cir.), writ denied, 964 So. 2d 342 (La. 2007); Bamburg Steel Bldgs., Inc. v. Lawrence Gen. Corp., 817 So. 2d 427, 438 (La. App. 2d Cir. 2002)).

In the instant case, O'Gea pled a claim for conversion based on Home Depot's allegedly wrongful withholding of his earned bonus and its earning of interest on that amount. To decide whether plaintiff's unjust enrichment claim is barred by his prior

pleading, the court must examine the well pleaded facts to determine whether they plausibly state a conversion claim, despite O'Gea's current contention that the facts do not support such a cause of action. "The nature of the duty breached determines whether the action is in tort or in contract. . . . The courts are not bound to accept a plaintiff's characterization of the nature of his cause of action if unsupported by factual allegations." Gallant Invs., Ltd., 2009 WL 365205, at *4 (citing Roger v. Dufrene, 613 So. 2d 947, 948 (La. 1993); Thomas v. State Employees Group Benefits Program, 934 So.2d 753, 757 (La. App. 1st Cir. 2006)).

> Under Louisiana law, conversion can occur in any of the following circumstances:
>
> 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

Richard v. Wal-Mart Stores, Inc., No. 07-31015, 2009 WL 324321, at *2-3 (5th Cir. Feb. 11, 2009) (quotation omitted) (citing Dual Drilling Co. v. Mills Equip. Inv., Inc., 721 So. 2d 853, 857 (La. 1998)). O'Gea's factual allegations that Home Depot refused to pay him his bonus and that it earned interest on money that was rightfully his state a plausible claim for conversion under at least the fourth and seventh tests. Because he has a claim at law for conversion, he cannot bring an unjust enrichment claim.

7

Furthermore, O'Gea may have two other remedies at law, one for breach of contract and the other based on a Louisiana statute concerning wages due. First, to the extent that plaintiff earned a bonus by completing any terms upon which he and Home Depot had agreed for obtaining a bonus, he had a contract with defendant for payment of that amount. See Assaleh v. Sherwood Forest Country Club Inc., 991 So. 2d 67, 72 (La. App. 1st Cir. 2008) (citing Grabert v. Iberia Parish Sch. Bd., 638 So. 2d 645, 646-47 (La. 1994)) ("virtually all claims for wages arise out of a breach of contract, oral or written"); cf. Barbe v. A.A. Harmon & Co., 705 So. 2d 1210, 1221 (La. App. 4th Cir. 1998) (employer who breached employment contract when it failed to pay plaintiff's earned bonus was liable for damages for delay from date that bonus was due).

Even if O'Gea was an at-will employee without a written employment contract, Home Depot allegedly agreed to pay him a bonus for work that he allegedly performed. O'Gea alleges in his reply memorandum that defendant "had a benefits package including a bonus based on a schedule designed by Home Depot. Mr. O'Gea was terminated subsequent to the bonus check being earned and even cut for distribution. Home Depot decided . . . not [to] pay Mr. O'Gea his <u>earned bonus under the quasi-contractual schedule</u> developed by Home Depot." Record Doc. No. 26-3, at p. 2 (emphasis added). O'Gea argues that "Home Depot was unjustly enriched by

withholding the money due Mr. O'Gea as part of the agreement between him and Home Depot." Id. at p. 3 (emphasis added).

"'[W]hen an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is not a mere gratuity or illusory promise but a vested right in the employee to the promised benefit.'" Williams v. Dolgencorp, Inc., 888 So. 2d 260, 263 (La. App. 3d Cir. 2004) (quoting Knecht v. Board of Trustees, 591 So. 2d 690, 695 (La. 1991)); see also Kearney v. Lee Med. Int'l Inc., 951 So. 2d 417, 418 (La. App. 5th Cir. 2007) (employer could not refuse to pay terminated employee bonus earned for past performance). The presence of a contract between Home Depot and O'Gea concerning the allegedly earned bonus precludes an action for unjust enrichment. Arias v. Albe, 876 So. 2d 179, 183 (La. App. 5th Cir. 2004) (citing Bamburg Steel Bldgs., 817 So. 2d at 438).

The existence of a contractual relationship between O'Gea and Home Depot also distinguishes Richard v. Wal-Mart Stores, Inc., No. 07-31015, 2009 WL 324321 (5th Cir. Feb. 11, 2009), upon which O'Gea relies to assert that his claim lies in unjust enrichment, rather than conversion. In that case, Richard sued Wal-Mart on behalf of herself and the estate of her deceased relative, who had been a Wal-Mart employee. Wal-Mart had obtained a life insurance policy on the employee and had collected the policy proceeds when he died. Richard argued that Wal-Mart had violated a Louisiana statute prohibiting

anyone from obtaining a life insurance policy on another person, unless the policy benefits were payable to the individual insured or his personal representatives. The statute created a cause of action to recover damages for wrongful procurement of such a policy, but the statute did not define the cause of action as either a tort or a contract claim. Wal-Mart argued that plaintiff's cause of action was for conversion, a tort, which prescribed in one year. Richard argued that her claim was for either breach of contract or unjust enrichment, which have ten-year prescriptive periods.

> The Fifth Circuit held that
>
> Richard's cause of action is not analogous to a contractual claim since <u>there was no contract between the parties</u> or specific contractual duties breached. But, the court erred in conclud[ing] that Richard's action is most analogous to a conversion action which sounds in tort. While Richard's action is somewhat analogous to one for conversion, because Wal-Mart breached the general duty to refrain from procuring life insurance policies when it lacks an insurable interest, Richard's suit is more analogous to an action for unjust enrichment. . . . Because <u>there was no specific contractual obligation between the parties</u> and the cause of action does not fit the definition of a delict, Richard does <u>not</u> have another remedy at law.

Id. at *3 (emphasis added); see also Baker, 648 So. 2d at 896-97 (citations omitted) ("In the <u>absence</u> of a contract, Baker stated a claim for . . . unjust enrichment. . . . Because the contract which existed between Baker and Maclay is an absolute nullity, Baker has <u>no contractual rights</u> to assert. . . . [H]is only remedy is unjust enrichment damages.")

10

(emphasis added). By contrast, O'Gea has plausible claims for conversion and for breach of contract.

O'Gea also may have a claim under La. Rev. Stat. § 23:631,[1] which requires an employer to pay a discharged employee for any "amount then due under the terms of employment" within a certain, relatively short time after the discharge. The "amount then due" may include earned bonuses. Kearney, 951 So. 2d at 420; Williams, 888 So. 2d at 263; Thomas v. Orleans Private Indus. Council, Inc., 669 So. 2d 1275, 1279-80 (La. App. 4th Cir. 1996); Cochran v. American Advantage Mortgage Co., 638 So. 2d 1235, 1238-39 (1st Cir. 1994).

Because O'Gea has alternative remedies at law, he cannot assert a claim for unjust enrichment. Accordingly, the amendment is futile and plaintiff's motion is DENIED.

New Orleans, Louisiana, this  20th  day of March, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides:
Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
La. Rev. Stat. § 23:631A(1)(a).